IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## TOBY DUNN v. STATE OF TENNESSEE

**Circuit Court for Cocke County
No. 6215**

_____

**No. E2026-00266-CCA-R9-PC**

_____

## ORDER

The Petitioner, through counsel, has filed a "Notice of Appeal" seeking review of the post-conviction court's order denying a motion for recusal. The one-page pleading informs the court that on February 13, 2026, the post-conviction court "declined to recuse but granted permission to appeal for an interlocutory order." The pleading further indicates that the "[a]ppeal herein is taken under TRAP 9 and under TRAP 10B (2.01)." The appellate court clerk entered the pleading as an application for interlocutory appeal. Tenn. R. App. P. 9. Following our review of the Petitioner's pleading, we have determined that a response from the State is not necessary and summarily deny relief.

## APPLICABLE LAW

The court advises that Section 2.01 of Rule 10B of the Rules of the Tennessee Supreme Court—not the Tennessee Rules of Appellate Procedure—provides that a trial court's ruling on a motion for recusal "either can be appealed in an accelerated interlocutory appeal as of right . . . or the ruling can be raised as an issue in an appeal as of right, *see* Tenn. R. App. P. 3, following the entry of the trial court's judgment." Tenn. Sup. Ct. R. 10B § 2.01.[1] Further, "[t]hese two methods of appeal—the accelerated interlocutory appeal or an appeal as of right following the entry of the trial court's judgment—shall be the exclusive methods for seeking appellate review of any issue concerning the trial court's denial of a motion" for recusal. *Id.* Thus, the Petitioner's citing Tennessee Rule of Appellate Procedure 9, which relates to seeking permissive review of an interlocutory order, as authority to review the order denying recusal is misplaced. Regardless of whether the Petitioner obtained the trial court's permission to

---

[1] There is no indication from the pleading before this court that the post-conviction court has entered a final judgment concerning the petition for post-conviction relief. Thus, it does not appear that the Petitioner can avail himself of the appeal as of right provided by Rule 3.

appeal via Rule 9 from the order denying recusal, a Rule 9 interlocutory appeal is not an available method of appeal.

That said, we will consider the Petitioner's pleading as filed pursuant to Rule 10B of the Tennessee Rules of the Supreme Court. Rule 10B provides that accelerated review of a trial court's order denying recusal is initiated by filing a petition for recusal appeal within 21 days from the order denying the motion to recuse. *See id*. at § 2.02. Akin to an appellate brief, the petition must contain a statement of the issues, statement of facts, argument, and conclusion stating the relief sought. *See id*. at § 2.03. The petition must also "be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." *Id*.

Concerning this court's review of a petition for recusal, Section 2.05 provides "[i]f the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal." *Id*. at § 2.05. Furthermore, the rule provides that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review" and "may be made without oral argument." *Id*. at § 2.06.

## ANALYSIS

The Petitioner's pleading contains none of the requisite information or argument. Likewise, the Petitioner failed to attach any of the required documents to his pleading at the time of filing.[2] Therefore, we conclude that the Defendant's petition for recusal is insufficient because the pleading in no way conforms to the requirements of Rule 10B. The single-page pleading simply provides no information from which this court could exercise its *de novo* review. *Id*. at § 2.03.[3]

---

[2] We also take judicial notice of the appellate proceedings in *Dunn v. State*, No. E.2025-01634-CCA-R3-PC, wherein the Petitioner filed a *pro se* notice of appeal prior to the entry of the final judgment adjudicating the post-conviction petition before the post-conviction court in this matter. In that proceeding, Petitioner's counsel filed a response to this court confirming that the notice of appeal had been filed *pro se* and prematurely. In so doing, counsel attached the post-conviction court's November 17, 2025 order denying the motion for recusal and noted that he intended to file an application for interlocutory appeal from the order. Even if the trial court's order had been attached to the instant pleading, it would have been untimely filed—well beyond the 21-day limit provided by Rule 10B, section 2.02.

[3] Likewise, even if review could be accomplished by filing an application for interlocutory appeal via Rule 9, the single-page pleading that was filed by the Petitioner would be procedurally insufficient. *See* Tenn. R. App. P. 9(b), (d).

**CONCLUSION**

Accordingly, the Petitioner's pleading seeking review of the post-conviction court's denial of a motion for recusal is not well-taken and is, therefore, DENIED. Because the Petitioner has been determined to be indigent, the costs on appeal are taxed to the State of Tennessee.

JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE TOM GREENHOLTZ
JUDGE KYLE A. HIXSON